IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

NORMAN LEE AGNEW, §
 §
 Petitioner, §
 §
v. § Civil Action No. 4:17-CV-793-Y
 §
BILL WAYBOURN, Sheriff, §
Tarrant County, Texas, §
 §
 Respondent. §

**OPINION AND ORDER**

Before the Court is a Petition for a Writ of Habeas Corpus under U.S.C. § 2241 filed by petitioner Norman Lee Agnew, then a pre-trial detainee in the Tarrant County jail. (Pet. (doc. 1).) In response to the petition, respondent Bill Waybourn has moved to dismiss. (Mot. Dismiss (doc. 8).) Agnew has not filed a response. After considering the pleadings and the relief Agnew seeks, the motion to dismiss with exhibits thereto, and the applicable law, the Court grants the motion to dismiss and dismisses the § 2241 petition as moot.

**I. BACKGROUND**

At the time the § 2241 petition was filed, Agnew challenged his pre-trial confinement in the Tarrant County jail. (Pet.(doc. 1).) Agnew was then under indictment for four felony charges (injury to a child, theft of a firearm, unlawful possession of a firearm by a felon, and bail jumping) and one misdemeanor charge (assault causing bodily injury to a family member). (Mot. Dismiss,

(doc. 8) Exs. at 8, 21, 34, 47, 60). On December 11, 2017, Agnew pleaded guilty to these charges and was sentenced to a fifteen-year term of confinement for each felony charge and one hundred and eighty days for the misdemeanor charge. (Mot. Dismiss. (doc. 8) Exs. at 9-11, 22-24, 35-37, 48-50, 61-63). As part of Agnew's plea agreements, he waived all pretrial motions filed in these cases, waived all rights given him under the law, and entered a judicial confession admitting guilt to each of the offenses. (Mot. Dismiss, (doc. 8) Exs. at 12-19, 25-32, 38-45, 51-58, 64-71).

A review of Court records shows that Agnew has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in this district, in which he raises challenges to the convictions. See *Agnew v. Davis,* No.4:18-CV-575-A.[1]

**III. ANALYSIS**

A state pretrial detainee is entitled, in some circumstances, to raise constitutional claims in a federal habeas proceeding under 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(c); *see Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)("Pre-trial petitions such as Dickerson's [pre-trial challenges to state charges] are properly brought under 28 U.S.C § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him") (footnote omitted). The records confirm that although Agnew filed the § 2241 petition while state charges were pending, he

---

[1] Agnew is now incarcerated in the Texas Department of Criminal Justice, Clements Unit, in Amarillo, Texas.

subsequently pleaded guilty to all charges and was convicted. As Agnew is no longer a pretrial detainee, it is unnecessary to resolve the issues presented in the § 2241 habeas petition. *See Wade v. Anderson*, No. 4:09-cv-684-Y, 2010 WL 930991, at *1 (N.D. Tex. Mar. 15, 2010)(Means, J.)(dismissing with prejudice as moot pretrial detainee's § 2241 petition after his conviction); *see also Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988)(recognizing that habeas petitions challenging legality of pretrial detention were rendered moot by conviction); *Thorne v. Warden, Brooklyn House of Detention for Men*, 479 F.2d 297, 299 (2d Cir. 1973)("Since [petitioner] is now held as a convicted defendant rather than merely on a criminal charge not yet brought to trial, the issue as to the legality of his continued pretrial detention has been mooted, and it therefore becomes unnecessary to resolve the constitutional issues presented"). Accordingly, respondent Waybourn's motion to dismiss must be granted, and the instant petition under § 2241 must be dismissed as moot.

### III.  ORDER

For the reasons discussed herein, Waybourn's motion to dismiss (doc. 8) is **GRANTED,** and Agnew's petition for relief under 28 U.S.C. § 2241 is **DISMISSED** with prejudice as moot.

SIGNED August 9, 2018.

/s/ Terry R. Means
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE